No. 19-7899

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH COURT
_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

NATHANIEL WATKINS,
*Defendant/Appellant.*
_____

On Appeal From the United States District Court
for the Eastern District of Virginia
Alexandria Division (The Hon. Claude M. Hilton)
_____

REPLY BRIEF OF THE APPELLANT
_____

GEREMY C. KAMENS
Federal Public Defender

Geremy C. Kamens
Federal Public Defender
Frances H. Pratt
Assistant Federal Public Defender
Counsel for Appellant
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
Geremy_Kamens@fd.org
Fran_Pratt@fd.org

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................. ii

Argument ...............................................................................................1

I.     This Court Has Already Rejected the Government's Characterization
       of Eligibility for a Reduced Sentence Under the First Step Act in *United
       States v. Gravatt* ...........................................................................2

II.    The Government's Statutory Construction of § 404(b) of the First Step
       Act and 18 U.S.C. § 3582(c)(1)(B) Is Erroneous ...........................7

       A.     Section 3582(c)(1)(B) Does Not Limit a District Court's
              Authority Under the First Step Act ......................................8

       B.     Section 404(b)'s "As If" Clause Does Not Require Courts to
              Impose a Sentence Based Upon the Law In Effect at a
              Defendant's Original Sentencing ........................................10

III.   Mr. Watkins's Violation of 21 U.S.C. § 848 Is a "Covered Offense" ..........15

Conclusion ............................................................................................21

Certificate of Compliance

i

# TABLE OF AUTHORITIES

## Cases

*Dorsey v. United States*, 567 U.S. 260 (2012)........................................................9

*Jones v. United States*, 431 F. Supp. 3d 740 (E.D. Va. 2020)................................10

*Pepper v. United States*, 562 U.S. 476 (2011)...........................................10, 11, 12

*Richardson v. United States*, 526 U.S. 813 (1999)..................................................20

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 47 (1985)..................................................20

*United States v. Beamus*, 943 F.3d 789 (6th Cir. 2019) ..........................................6

*United States v. Boulding*, ___ F.3d ____, 2020 WL 2832110 (6th Cir. June 1, 2020) ....................................................................................................................15

*United States v. Brooks*, 788 F. App'x 213 (4th Cir. 2019) ...............................6, 14

*United States v. Brown*, 2020 WL 3106320 (W.D. Va. June 11, 2020).................20

*United States v. Chambers*, 956 F.3d 66 (4th Cir. 2020).......................2, 3, 6, 7, 11

*United States v. Damon*, 933 F.3d 269 (3d Cir. 2019) ...........................................12

*United States v. Dean*, 2020 WL 2526476 (D. Minn. May 18, 2020)....................20

*United States v. Dodd*, 372 F. Supp. 3d 795 (S.D. Iowa 2019)..............................10

*United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020).........................................2, 3

*United States v. Hegwood*, 934 F.3d 414 (5th Cir. 2019)...................................6, 14

*United States v. Jackson*, 345 F.3d 638 (8th Cir. 2003) .........................................19

*United States v. Jackson*, 2019 WL 6245759 (S.D.W. Va. Nov. 21, 2019)............10

*United States v. Jimenez*, 2020 WL 2087748 (S.D.N.Y. Apr. 30, 2020)...............20

*United States v. Johnson*, ___ F.3d ____, 2020 WL 3023063 (2d Cir. June 5, 2020) ................................................................................................16

*United States v. Jones*, 2019 WL 5436199 (6th Cir. Sept. 12, 2019) .....................19

*United States v. Kelly*, Case No. 2:94-cr-163, ECF Doc. 1133 (E.D. Va. June 5, 2020) .............................................................................. 20-21

*United States v. McDonald*, 944 F.3d 769 (8th Cir. 2019) ........................................4

*United States v. Rose*, 379 F. Supp. 3d 223 (S.D.N.Y. 2019) ................................10

*United States v. Schaefer*, 120 F.3d 505 (4th Cir. 1997) ........................................11

*United States v. Smith*, 115 F.3d 241 (4th Cir. 1997) .............................................12

*United States v. Smith*, 223 F.3d 554 (7th Cir. 2000) .............................................19

*United States v. Smith*, 954 F.3d 446 (1st Cir. 2020) ........................................16, 17

*United States v. Triestman*, 178 F.3d 624 (2d Cir. 1999) ..........................................8

*United States v. Venable*, 943 F.3d 187 (4th Cir. 2019) ..........................................10

*United States v. Warren*, 2020 WL 3036011 (S.D. W. Va. June 5, 2020) .............19

*United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019) ........................................3, 8

*United States v. Woodson*, 799 F. App'x 214 (4th Cir. 2020) ................................17

<u>Statutes</u>

1 U.S.C. § 109 ..............................................................................................................9

18 U.S.C. § 3553 ...................................................................................................12, 15

18 U.S.C. § 3582 ......................................................................................7-10, 12-14

18 U.S.C. § 3742 .......................................................................................................8, 13

21 U.S.C. § 841 .....................................................................................................4, 16-21

21 U.S.C. § 846 ...............................................................................18, 19, 20

21 U.S.C. § 848 ..........................................................................*passim*

28 U.S.C. § 2106 ....................................................................................8

28 U.S.C. § 2241 ....................................................................................8

28 U.S.C. § 2243 ....................................................................................8

28 U.S.C. § 2255 ..............................................................................8, 12

<u>Legislative Materials</u>

Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010) .................*passim*

First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018)
    (codified at 21 U.S.C. § 841 note) ..............................................................*passim*

No. 19-7899

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH COURT

_____

UNITED STATES OF AMERICA,
*Appellee*,

v.

NATHANIEL WATKINS,
*Defendant/Appellant*.

_____

On Appeal From the United States District Court
for the Eastern District of Virginia
Alexandria Division (The Hon. Claude M. Hilton)

_____

REPLY BRIEF OF THE APPELLANT

_____

## **ARGUMENT**

Mr. Watkins has been in federal custody since June 1, 1990, and has served over 30 years of the concurrent life sentences he received on four counts of conviction for trafficking in cocaine base. Three of those sentences exceed the statutory maximum permitted under the Fair Sentencing Act, and as for the fourth, the district court would have the discretion to vary from the Guidelines on resentencing.

1

Although Mr. Watkins was convicted of numerous "covered offenses" for purposes of § 404 of the First Step Act, the district court held that he "is not *eligible* for a reduced sentence because the life sentence he received in connection with his conviction on Count Two, 'Continuing Criminal Enterprise' under 21 U.S.C. § 848(a), is not a 'covered offense.'" J.A. 195 (emphasis added). Specifically, the court held that "[b]ecause Petitioner's life sentence was not based on a 'covered offense' under the First Step Act, he is unfortunately *ineligible* for a sentence reduction." *Id.* (emphasis added).

This appeal therefore turns on whether Mr. Watkins is eligible for a reduced sentence under the First Step Act. According to the plain text of the First Step Act and this Court's decisions construing that statute, Mr. Watkins is eligible for a reduced sentence because he was convicted of "covered offenses" under the First Step Act. Consequently, this Court should vacate the district court's denial of Mr. Watkins's First Step Act motion and remand for the district court to consider whether to "vary from the Guidelines and [] consider post-sentencing conduct." *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020).

I.   THIS COURT HAS ALREADY REJECTED THE GOVERNMENT'S CHARACTERIZATION OF ELIGIBILITY FOR A REDUCED SENTENCE UNDER THE FIRST STEP ACT IN *UNITED STATES V. GRAVATT*

In its response, the government does not mention the words "eligibility" or "ineligibility" for a reduction under the First Step Act. Indeed, it essentially

concedes that Mr. Watkins has been convicted of "covered offenses," although it maintains that Mr. Watkins's violation of 21 U.S.C. § 848 is not a "covered offense." Gov't Br. 3-4. The government's response, instead, seeks to reframe Mr. Watkins' eligibility for a reduced sentence under the First Step Act into a hypothetical question: a reduction is permitted under the First Step Act if a defendant's sentence would have been different "if sections 2 and 3 of the Fair Sentencing Act had been in place at the time defendant committed his covered offense." Gov't Br. 3; *see also id.* at 7, 10, 12. Because "nothing would have been different at his sentencing" had the Fair Sentencing Act been in effect, according to the government, Mr. Watkins is ineligible for consideration for a reduced sentence. *Id.* at 12. As this Court held in *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020), the government is wrong.

First, under the First Step Act, "eligibility turns on the proper interpretation of a 'covered offense.'" *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019). And "[u]nder the [First Step] Act, there is no eligibility requirement beyond the threshold question of whether there is a 'covered offense.'" *Gravatt*, 953 F.3d at 262. If a defendant has been convicted of a "covered offense," a district court may, in its discretion, impose a reduced sentence subject to the revised statutory penalties applicable under the First Step Act. *Wirsing*, 943 F.3d at 186; *accord United States v. Chambers*, 956 F.3d 667, 670 (4th Cir. 2020). Moreover, "[t]hat [a] court might properly deny relief at the discretionary second step does not remedy any error in

determining ineligibility at the first step." *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019).

Second, as this Court held in *Gravatt*, a defendant who has been convicted of a "covered offense" is not ineligible for a reduced sentence simply because the person's statutory penalty was independently supported by another offense that is not a "covered offense." Indeed, the government pressed the same argument in *Gravatt* that it makes here: that because the Fair Sentencing Act did not alter the statutory penalty applicable to the defendant resulting from a non-covered offense, the defendant was ineligible for relief under the First Step Act.

This Court rejected the government's argument because "nothing in the text of the [First Step] Act require[es] that a defendant be convicted of [only] a single violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act." *Gravatt*, 953 F.3d at 264. As this Court explained, "'[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and who are not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are eligible to move for relief under that Act.'" *Id.* (quoting *Wirsing*, 943 F.3d at 186).

In addition, this Court noted that the government's argument to the contrary "would, in effect, impose an additional limitation to the Act's applicability." *Gravatt*, 953 F.3d at 264. Because the First Step Act itself "sets forth the express

4

limitations for its application in Section 404(c)," and Congress could have specified in that section that the Act would not "apply if a covered offense was combined with an offense that is not covered" – "[b]ut it did not" – this Court "decline[d] to expand the limitations crafted by Congress." *Id.* The Court was clear: "[u]nder the Act, there is no eligibility requirement beyond the threshold question of whether there is a 'covered offense.'" *Id.* at 262.

Mr. Watkins spelled all of this out in his opening brief. Appellant's Br. 14-16, 19, 23. And while the government's response cites *Gravatt* three times, Gov't Br. 2, 8, 17, it does so only for two propositions: (1) the Fair Sentencing Act did not modify the penalties applicable to powder cocaine offenses; and (2) this Court reviews de novo a district court's decision as to whether a conviction is a "covered offense."

The government never addresses the Court's holding in *Gravatt*, or the Court's rejection of the same ineligibility argument it makes here. That is because the government's "would-[the sentence]-have-been-different" theory of eligibility, *see* Gov't Br. 3, 12, is irreconcilable with *Gravatt*'s holding that the defendant was eligible for a sentence reduction even though he "faced the same statutory penalty range for having conspired to possess with intent to distribute and to distribute 5 or more kilograms of powder cocaine, the penalties for which were not modified by the

Fair Sentencing Act and which independently supported his sentence." 953 F.3d at 261.

This Court has also held, and the government has conceded, that district courts are free to vary from previously-mandatory sentencing guidelines on a First Step Act resentencing. *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020); *see also United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) ("That the Sentencing Guidelines also would have applied differently does not affect his eligibility for resentencing."). Accordingly, because Mr. Watkins was convicted of "covered offenses" for purposes of the First Step Act, he is eligible for consideration for a reduced sentence notwithstanding his conviction for an offense, 21 U.S.C. § 848, that the government maintains is not a "covered offense."

On remand, of course, the district court would remain bound by the applicable statutory penalties, including a range of 20 years to life imprisonment as a result of Mr. Watkins's conviction for violating 21 U.S.C. § 848. *See Gravatt*, 953 F.3d at 264 n.5 (noting that "statutory mandatory minimum terms remain in effect for certain drug offenses" and that "[e]ven if a defendant's sentence involves a covered offense, the district court's review of a defendant's First Step Act motion cannot avoid those statutory requirements"). And the district court would be required to consider the current advisory Sentencing Guidelines, whether to vary from those guidelines, and Mr. Watkins's post-sentencing conduct. *See Chambers*, 956 F.3d at

6

675. But these issues relate to the district court's discretionary determination as to whether and to what extent to impose a reduced sentence, not the "threshold question" of eligibility for a reduced sentence. *Gravatt*, 953 F.3d at 262.

## II. THE GOVERNMENT'S STATUTORY CONSTRUCTION OF § 404(b) OF THE FIRST STEP ACT AND 18 U.S.C. § 3582(c)(1)(B) IS ERRONEOUS

According to the government, both 18 U.S.C. § 3582(c)(1)(B) and § 404(b) of the First Step Act constrain district courts in the imposition of a reduced sentence such that, aside from the application of the Fair Sentencing Act's new statutory penalties, courts must apply the law in effect at the time of the defendant's original sentencing. According to the government, a district court "decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." Gov't Br. 10 (quoting a parenthetical in *United States v. Brooks*, 788 F. App'x 213 (4th Cir. 2019), which in turn cited *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019)).

Neither § 3582(c)(1)(B) nor § 404(b), however, does the work the government suggests they do. Further, this Court rejected the government's arguments in *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020).

A.    Section 3582(c)(1)(B) Does Not Limit a District Court's Author-
ity Under the First Step Act

Pursuant to "§ 3582(c)(1)(B), courts must look to the applicable statute to determine 'the extent' to which modification is 'expressly permitted by [that] statute.'" *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019). But the text of § 3582(c)(1)(B) does not itself limit a district court's authority to impose a reduced sentence. Indeed, with respect to each of the statutes this Court recognized in *Wirsing*, 943 F.3d at 184, as "encompass[ed]" by § 3582(c)(1)(B) prior to the First Step Act – a successful appeal under 18 U.S.C. 3742(f) & (g), or 28 U.S.C. § 2106, or a collateral attack under 28 U.S.C. § 2255 or § 2241 – none are limited by the "expressly permitted" language in § 3582(c)(1)(B).

Then-Judge Sotomayor's opinion for the Second Circuit in *United States v. Triestman*, 178 F.3d 624 (2d Cir. 1999), a decision cited in *Wirsing* to illustrate § 3582(c)(1)(B)'s meaning, makes this clear, and explicitly rejects the argument that § 3582(c)(1)(B) constitutes a limit on other remedial authority. The defendant in *Triestman* argued that § 3582(c)(1)(B)'s "expressly permitted" language precluded the district court from resentencing him on a still-valid drug count after granting his post-conviction challenge to a related gun count, because the statute at issue did not "expressly" permit it. *Id.* at 628. Although the Second Circuit recognized that the underlying remedial statute (28 U.S.C. § 2243) did not expressly authorize a resentencing, the appellate court rejected the argument that § 3582(c)(1)(B)

8

"mandat[es] the use of explicit terms." *Id.* On the contrary, the court concluded that the statute simply requires "an express grant of remedial power, and that this power be broad enough to permit the resentencing in question." *Id.* At the time, according to the Second Circuit, "§ 3582(c)(1)(B) was intended to recognize and preserve pre-existing statutory grants of remedial power in the habeas context rather than to repeal or *limit them.*" *Id.* at 629 (emphasis added).

Likewise, the Supreme Court's decision in *Dorsey v. United States*, 567 U.S. 260 (2012), weighs against the government's reliance on the "expressly" language in § 3582(c)(1)(B). There, the Court addressed what is required for Congress to "expressly" "release or extinguish any penalty, forfeiture, or liability" incurred under a repealed statute in the context of 1 U.S.C. § 109. The Court held that for Congress to "expressly" release such a liability imposed under a repealed statute, the bar is low, and is satisfied so long as "courts … assure themselves that ordinary interpretative considerations point clearly in that direction." 567 U.S. at 274. That is because "the use of the word 'expressly' does not require Congress to use any 'magical passwords' to exempt a later statute from the provision." *Id.* Instead, "the Court has described the necessary indicia of congressional intent by the terms 'necessary implication,' 'clear implication,' and 'fair implication.'" *Id.*

In sum, as numerous district courts have held, § 3582(c)(1)(B) by its own terms imposes no limit on a district court's exercise of authority pursuant to other

statutes. *See e.g.*, *Jones v. United States*, 431 F. Supp. 3d 740, 747 (E.D. Va. 2020) ("Section 3582(c)(1)(B) leaves the door wide open for Congress to grant whatever relief is necessary"); *United States v. Rose*, 379 F. Supp. 3d 223, 232 (S.D.N.Y. 2019) (§ 3582(c)(1)(B) "merely redirects courts to Rule 35 and any other sources of authority that may exist without providing any substantive standard of its own"); *United States v. Dodd*, 372 F. Supp. 3d 795, 797 n.2 (S.D. Iowa 2019) ("As Section 404 of the First Step Act authorizes a reduction in sentence by its own terms, it would be effective even absent the existence of 18 U.S.C. § 3582(c)(1)(B) as complementary authority."); *United States v. Jackson*, 2019 WL 6245759, at *2 (S.D.W. Va. Nov. 21, 2019) ("[C]ourts are not limited by § 3582(c)(1)(B).").

B.    Section 404(b)'s "As If" Clause Does Not Require Courts to Impose a Sentence Based Upon the Law In Effect at a Defendant's Original Sentencing

The First Step Act includes "an express grant of remedial power" that satisfies § 3582(c)(1)(B)'s "expressly permitted" requirement by authorizing district courts to "impose a reduced sentence." First Step Act § 404(b); *see also Wirsing*, 943 F.3d at 184-85. Accordingly, the Act gives district courts "authority to resentence." *See United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019).

In the context of a resentencing after a defendant's sentence was set aside on appeal, the Supreme Court stated in *Pepper v. United States* that "[a] court's duty is always to sentence the defendant as he stands before the court on the day of

10

sentencing." 562 U.S. 476, 492 (2011) (citation and internal quotation marks omitted); *see also United States v. Schaefer*, 120 F.3d 505, 507 (4th Cir. 1997) (noting general rule that "the law in effect at the time governs sentencing"). In light of this background principle, the text of § 404 includes "no limiting language to preclude the court from applying intervening case law." *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020).

Indeed, as this Court determined in *Chambers*, § 404(b)'s "as if" provision does not limit a district court's authority by requiring the application of the law in effect at the time of an original sentencing with the sole exception of the Fair Sentencing Act. *See Chambers*, 956 F.3d at 671 (rejecting argument that the "'as if' clause limits the role of the sentencing court only to making statutory Fair Sentencing Act adjustments"). As this Court explained, the Act's "as if" clause is not a limitation, but rather has the "effect" of making the relevant sections of the Fair Sentencing Act retroactive. *Id.* at 671-72. In other words, in making the discretionary determination to impose a reduced sentence under the First Step Act, district courts must recalculate the currently-applicable statutory penalties and guideline range "as if" the Fair Sentencing Act had been in effect prior to 2010.

The text of § 404(b) – permitting courts to "impose" a reduced "sentence" – makes clear that district courts are not required to apply the law as of the time of the initial sentencing. As the Court recognized in *Chambers*, it is significant that

11

Congress provided that "§ 404(b) … expressly permits the court to '*impose* a reduced sentence.' Not 'modify' or 'reduce,' which might suggest a mechanical application of the Fair Sentencing Act, but 'impose.'" *Chambers*, 956 F.3d at 672. The Court reasoned that the First Step Act's use of the verb "impose" is significant because it suggests a more comprehensive proceeding that requires courts to "recalculate the Guidelines range." *Id.* at 672; *see also* 18 U.S.C. § 3553(a) (requiring consideration of numerous factors, including the correctly calculated guidelines range, when "imposing" a sentence).

It is also significant that § 404(b) authorizes district courts to "impose a reduced *sentence*" – not simply, for example, to "reduce a term of imprisonment imposed as a result of a conviction for a covered offense." *Cf.* 18 U.S.C. § 3582(c)(2) (authorizing courts to "reduce the term of imprisonment" based on a sentencing range subsequently lowered by the Sentencing Commission). The word "sentence" is not simply the term of imprisonment imposed on a particular count. "A criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent." *Pepper*, 562 U.S. at 507 (citation omitted); *cf. United States v. Smith*, 115 F.3d 241, 245 (4th Cir. 1997) ("[T]he term 'sentence' in § 2255 does not refer to a specific offense. Rather, 'sentence' must be viewed in the aggregate." (citation omitted)); *United States v. Damon*, 933 F.3d 269, 273 (3d Cir. 2019) ("The ordinary meaning of 'sentence' can only reasonably be read to include

12

all forms of punishment or penalties imposed on a defendant."). Indeed, terms of imprisonment imposed on multiple counts constitute "one aggregate sentence, not … separate and distinct sentences on each count of the indictment." *Smith*, 115 F.3d at 247 n.11.

Finally, Congress unmistakably *did not* include language in the First Step Act that would have required courts to apply the law in effect at the time of the original sentencing. Indeed, as noted in *Wirsing*, "there is no reason to suppose that motions brought pursuant to § 3582(c)(1)(B) [like First Step Act motions] are subject to the restrictions particular to § 3582(c)(2), which are grounded in the text of the latter statute." *Wirsing*, 943 F.3d at 185. Section 3582(c)(2) requires reductions based on retroactive guideline amendments to be "consistent with applicable policy statements" issued by the Sentencing Commission. In contrast, First Step Act resentencings plainly are not subject to restrictions on the application of intervening law as set forth in policy statements like U.S.S.G. § 1B1.10.

Moreover, had Congress wanted to prevent courts from applying currently applicable law at First Step Act resentencings, it could have adapted language from 18 U.S.C. § 3742(g)(1) to require, apart from the application of the Fair Sentencing Act, that courts apply the law that was "in effect on the date of the previous sentencing." *See* 18 U.S.C. § 3742(g)(1) (providing for the prior version of the Sentencing Guidelines Manual to apply on resentencing). That Congress did not use

13

this language or anything similar in the First Step Act is further evidence that Congress did not intend to adopt the government's construction of § 404(b).

The government's reliance on a statement from the Fifth Circuit's opinion in *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019), quoted in a parenthetical in an unpublished decision, *United States v. Brooks*, 788 F. App'x 213 (4th Cir. 2019), Gov't Br. 10, is directly refuted by *Chambers*. In *Hegwood*, the Fifth Circuit stated that the First Step Act authorizes a limited modification to sentences similar to that permitted by 18 U.S.C. § 3582(c)(2), such that a "district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *Hegwood*, 934 F.3d at 418.

This Court in *Chambers*, however, specifically addressed the procedural question of whether courts are required to correctly calculate the sentencing guidelines in a First Step Act resentencing – even based on decisions issued after the original sentencing – and explicitly rejected *Hegwood's* decision to incorporate § 3582(c)(2)'s restrictions into the First Step Act. The Fifth Circuit's view conflicts with *Wirsing*, which "already explained why the strictures of § 3582(c)(2) are irrelevant to § 3582(c)(1)(B), under which First Step Act motions are brought." 956 F.3d at 673.

The Sixth Circuit also has rejected the Fifth Circuit's "law at the time of the original sentencing" position, holding that "the language of § 404 and our cases that interpret it, stand for the proposition that the necessary review – at a minimum – includes an accurate calculation of the amended guidelines range *at the time of resentencing* and thorough renewed consideration of the § 3553(a) factors." *United States v. Boulding*, ___ F.3d ____, 2020 WL 2832110, at *8 (6th Cir. June 1, 2020) (emphasis added). Accordingly, the text of § 404 contemplates a "complete review of the resentencing motion on the merits," accompanied by "an opportunity to present objections, subject to reasonableness review on appeal, [as] part and parcel of the process due to an eligible defendant." *Id.*

To be clear, like the defendant in *Chambers*, Mr. Watkins does not seek a plenary resentencing hearing, nor is one required for the district court to impose a reduced sentence in this case. Nonetheless, he is entitled to a full reconsideration of his sentence in light of the § 3553(a) sentencing factors.

## III. MR. WATKINS'S VIOLATION OF 21 U.S.C. § 848 IS A "COVER-ED OFFENSE"

The government argues broadly that because the Fair Sentencing Act "did not modify the requirements of § 848(c)" in defining a "continuing criminal enterprise," or "the statutory penalty range in § 848(a)" of 20 years to life imprisonment, Mr. Watkins's CCE conviction is not a "covered offense." Gov't Br. 15-18. In addition, the government warns that if 21 U.S.C. § 848 were considered a "covered offense,"

15

either because of the Fair Sentencing Act's modification of the penalty in § 848(b), or the statute's incorporation by reference of violations of 21 U.S.C. § 841 involving crack distribution as one of the "series of violations" required to be proven under § 848(c), then "§ 848 [would] always [be] a covered offense" even when it does not involve "crack cocaine at all." *Id.* at 17. The government is wrong.

Eligibility, of course, depends upon a defendant's statute of conviction. *Wirsing*, 943 F.3d at 182; *accord United States v. Johnson*, ___ F.3d ____, 2020 WL 3023063, at *5 (2d Cir. June 5, 2020) (collecting cases and stating that "it is the statute under which a defendant was convicted, not the defendant's actual conduct, that determines whether a defendant was sentenced for a 'covered offense' within the meaning of Section 404(a)."). The statute at issue is 21 U.S.C. § 848.

Just as with 21 U.S.C. § 841, § 848 is subdivided into subsections that describe the acts that violate the law, and associated penalties. *Cf. United States v. Smith*, 954 F.3d 446, 449 (1st Cir. 2020) ("§ 841(a) lists the acts that violate the law (manufacturing, distributing, etc.), whereas § 841(b) correlates increasing penalties to the quantities associated with the acts that violate § 841(a)."). Section 848(c) defines what constitutes a "continuing criminal enterprise." § 848(c). Section 848(a) ("Penalties; forfeitures") provides a penalty range of 20 years to life imprisonment. 21 U.S.C. § 848(a). Section 848(b) ("Life imprisonment for engaging in continuing criminal enterprise") requires a mandatory life sentence if, among other things, "the

*violation* referred to in subsection (c)(1) involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B)." 21 U.S.C. § 848(b) (emphasis added). And § 848(e) provides for the death penalty "in addition to the other penalties set forth in this section," if a defendant caused a death while engaging in a "an offense punishable under section 841(b)(1)(A)." 21 U.S.C. § 848(e). The penalties set forth in § 848(b) and § 848(e) were unquestionably modified by the Fair Sentencing Act, because each incorporates by reference the penalties set forth in 21 U.S.C. § 841(b) that were modified by that Act.

Mr. Watkins's statute of conviction on Count 2, for purposes of § 404(a), is either 21 U.S.C. § 848 as a whole, or § 848(c). Either way, the statute of conviction satisfies the definition of a "covered offense."

The Court of Appeals for the First Circuit recently came to a similar conclusion in *United States v. Smith*, 954 F.3d at 449; *accord United States v. Woodson*, 799 F. App'x 214, 215 (4th Cir. 2020) (order remanding case on basis of reasoning in forthcoming opinion that crack distribution offense punishable by 21 U.S.C. § 841(b)(1)(C) "is a 'covered offense' under the Act."). In *Smith*, the defendant was found guilty in 2007 of two counts of distributing less than 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). 954 F.3d at 447. In determining whether the convictions constituted "covered offenses," the First Circuit

addressed "whether the phrase 'Federal criminal statute' in the First Step Act refers to 21 U.S.C. § 841 generally or only to a subsection of § 841." *Id.* at 449.

According to the court, "[t]he relevant statute that Smith violated is either § 841 as a whole, or § 841(a), which describes all the conduct necessary to violate § 841." *Id.* Moreover, "[t]he fact that the Constitution's procedural requirements mandate that the drug quantity be found by the jury to enhance the minimum penalty does not mean that a convicted defendant did not commit the violation identified by § 841(a)." *Id.* As such, because the Fair Sentencing Act "obvious[ly]" modified the "statutory penalties for § 841(a)(1)," the offenses at issue constituted covered offenses under the First Step Act. *Id.* at 450.

The same reasoning establishes that Mr. Watkins's conviction in violation of 21 U.S.C. § 848 is also a "covered offense." Mr. Watkins was convicted of a "violation referred to in subsection (c)(1)," *see* § 848(b), based upon "violations" of 21 U.S.C. § 841 and § 846 that were "part of a continuing series of violations" of the subchapter involving the distribution of cocaine base. 21 U.S.C. § 848(c). And the "statutory penalties" for a violation of that "Federal criminal statute," through the incorporation by reference in § 848(b) of penalty provisions in 21 U.S.C. § 841(b), were modified by the Fair Sentencing Act. Indeed, the government does not contest that Mr. Watkins was potentially exposed to the penalty in § 848(b) at his sentencing hearing based upon his conviction in violation of § 848. *See* Appellant's Br. at 29

18

(citing *United States v. Smith*, 223 F.3d 554, 556 (7th Cir. 2000), and *United States v. Jackson*, 345 F.3d 638, 647 (8th Cir. 2003)).  Accordingly, the Fair Sentencing Act modified the penalties for his statute of conviction, 21 U.S.C. § 848.

Furthermore, as the First Circuit noted in *Smith*, because Mr. Watkins was "convicted for distributing crack cocaine," the Court need not address "whether a violation of § [848] involving only a controlled substance other than crack cocaine (heroin, for example) would also be considered a 'covered offense.'"  *Smith*, 954 F.3d at 450 n.5.  But in any event, courts have had no trouble distinguishing eligible First Step Act defendants involved in pre-Fair Sentencing Act offenses involving cocaine base from ineligible defendants who were not.  *See, e.g.*, *United States v. Jones*, 2019 WL 5436199, at *2 (6th Cir. Sept. 12, 2019) (affirming denial of First Step Act motion because defendant was not convicted of an offense involving cocaine base).  Nor have courts had difficulty resolving First Step Act motions in cases where the government "had no reason to include drug quantities in pre-*Apprendi* charging documents."  *See, e.g.*, *United States v. Warren*, 2020 WL 3036011, at *2 (S.D. W. Va. June 5, 2020).

In addition, the government does not contest that Mr. Watkins's CCE conviction rests upon violations of 21 U.S.C. § 841(a) involving crack distribution – including a violation of 21 U.S.C. § 846 that was a lesser-included offense.  Appellant's Br. at 23-28.  Those federal criminal statutory violations of 21 U.S.C.

19

§ 841(a) and § 846 constitute essential elements of the CCE offense, *Richardson v. United States*, 526 U.S. 813, 818 (1999), not merely "actual conduct" that the government asserts defines eligibility under the First Step Act.  Gov't Br. 16. Consequently, the elements of the CCE statute of conviction in this case establish "violations of federal criminal statutes, the statutory penalties for which were modified" by the Fair Sentencing Act.  That fact that the Fair Sentencing Act modified the penalties for the "violations" that constituted the essential elements of the CCE offense, rather than the penalty range set forth in § 848(a) for CCE, makes no difference because the word "violation" does not "imply a criminal conviction." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 489 (1985).  Mr. Watkins's conviction in violation of 21 U.S.C. § 848, based upon violations of 21 U.S.C. § 841 and § 846 involving crack distribution, thus satisfies § 404(a)'s definition of a "covered offense."

Indeed, a number of courts have agreed that 21 U.S.C. § 848 constitutes a "covered offense."  *See United States v. Brown*, 2020 WL 3106320, at *1 n.1 & *4 (W.D. Va. June 11, 2020) (stating that defendant sentenced to 240 months for CCE conviction was "eligible for resentencing under the First Step Act" "because at least one of the penalties for Defendant's statute of conviction," 21 U.S.C. § 848, "was modified by Section 2 or 3 of the Fair Sentencing Act"); *United States v. Kelly*, Case No. 2:94-cr-163, ECF Doc. 1133 at 4 (E.D. Va. June 5, 2020) (holding CCE

conviction constituted a "covered offense"); *United States v. Dean*, 2020 WL 2526476, at *3 (D. Minn. May 18, 2020) (holding that CCE conviction constituted a "covered offense" because "the conduct underlying this conviction involved the distribution of crack cocaine, and the statute of conviction was modified under the Fair Sentencing Act"); *United States v. Jimenez*, 2020 WL 2087748, at *2 (S.D.N.Y. Apr. 30, 2020) (holding CCE conviction constituted a "covered offense"). For similar reasons, this Court should find that Mr. Watkins's CCE conviction is a "covered offense."

## CONCLUSION

In summary, Mr. Watkins is eligible for a reduced sentence under the First Step Act because his convictions for violations of 21 U.S.C. § 841 unambiguously constitute "covered offenses" for purposes of the First Step Act, and the district court is authorized to resentence him. In addition, Mr. Watkins's conviction for violating the CCE statute, 21 U.S.C. § 848, constitutes a "covered offense," thus also entitling him to consideration for a reduced sentence.

Respectfully submitted,

GEREMY C. KAMENS
Federal Public Defender
for the Eastern District of Virginia

    s/ Geremy C. Kamens
Geremy C. Kamens
Federal Public Defender
Frances H. Pratt
Assistant Federal Public Defender
Counsel for Appellant
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
Geremy_Kamens@fd.org
Fran_Pratt@fd.org

Dated June 12, 2020

## <u>CERTIFICATE OF COMPLIANCE</u>

1.     This Reply Brief of the Appellant has been prepared using Microsoft Word 2016 software, Times New Roman font, 14-point proportional type size.

2.     EXCLUSIVE of the corporate disclosure statement, table of contents, table of authorities, statement with respect to oral argument, any addendum containing statutes, rules, or regulations, and the certificate of service, this brief contains no more than 6,500 words, specifically 4,993 words.


I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.


|                        |                                          |
|------------------------|------------------------------------------|
| June 12, 2020          | s/  Frances H. Pratt                     |
| Date                   | Frances H. Pratt                         |
|                        | Assistant Federal Public Defender        |