

U.S. Department of Justice

*United States Attorney*
*Eastern District of Virginia*

*Richard D. Cooke*
*919 East Main Street, Suite 1900*
*Richmond, Virginia 23219*
*(804) 819-5471*
*richard.cooke@usdoj.gov*

September 18, 2023

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

    Re:    *United States v. Nathaniel Watkins*, No. 19-7899
           Response to letter under Fed. R. App. P. 28(j)

Dear Ms. Anowi:

    In the time since the government filed its opening brief, this Court has clarified that defendant's conviction for a continuing criminal enterprise is not a covered offense under § 404 of the First Step Act. *United States v. Thomas*, 32 F.4th 420 (4th Cir. 2022) (per curiam). But some of defendant's convictions do qualify as covered offenses. *Terry v. United States*, 141 S. Ct. 1858, 1863 (2021).

    The Supreme Court has concluded that § 404 does not trigger a *de novo* resentencing. *Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022) (a district court "may consider other intervening changes of law (such as changes to the Sentencing Guidelines)" in adjudicating a § 404 motion, but "the First Step Act does not compel courts to exercise their discretion to reduce any sentence based on those arguments"). And § 404 does not entitle a defendant to revisit an unaffected statutory mandatory penalty on another count, *United States v. Gravatt*, 953 F.3d 258, 264 n.5 (4th Cir. 2020) ("Of course, statutory mandatory minimum terms remain in effect for certain drug offenses. Even if a defendant's sentence involves a covered offense, the district court's review of a defendant's First Step Acct motion cannot avoid those statutory requirements."). For example, although this Court did not elaborate on the point, a defendant who faces a mandatory sentence, such as a death sentence, on a count that is not a covered offense could not revisit the death sentence by pointing to a conviction on a count that was a

1

covered offense. *United States v. Roane*, 51 F.4th 541, 552 (4th Cir. 2022) (affirming denial of sentence reduction on concurrent count).

      Here, however, defendant's covered offenses were grouped with the continuing criminal enterprise count, and the sentences formed a sentencing package. Although under the then-mandatory guidelines, a change to the statutory penalty range on the covered offenses would not have altered defendant's life sentence, under *Concepcion*, the guidelines would not be mandatory in evaluating a sentence reduction under § 404, and a court could revisit the sentence on the continuing criminal enterprise conviction.

      Respectfully,

      Jessica D. Aber
      United States Attorney

By:     _____/s/_____
      Richard D. Cooke
      Assistant United States Attorney